RECEIVED

NOV 29 2023
AO 241 (Rev. 09/17)
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

15 BL
#3
1:23-cv-337

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western | |
|---|---|---|
| Name (under which you were convicted):  Travis John Berry | | Docket or Case No.: CR No.  545-2018 |
| Place of Confinement : SCI - Pine Grove | 189 Fyock Rd. Indiana, PA 15701 | Prisoner No.:  QE6451 |
| Petitioner (include the name under which you were convicted)  Travis John Berry | v. | Respondent (authorized person having custody of petitioner)  Superintendent Brothers  District Attorney White |
| The Attorney General of the State of: Pennsylvania | | |

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

   Common Pleas Court of Venango County
   1168 Liberty St.
   Franklin, PA 16323

   (b) Criminal docket or case number (if you know):  CR No. 545 - 2018

2.    (a) Date of the judgment of conviction (if you know):  12/17/18 - Plea Colloquy

   (b) Date of sentencing:  1/4/19

3.    Length of sentence:  18 - 84 months  (1½ - 7 yrs)

4.    In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

   M1 - Terroristic Threats - 18 Pa. C.S.A. § 2706 (a) (1)

   M2 - Recklessly Endangering Another Person - 18 Pa. C.S.A. § 2705  (2 counts)

6.    (a) What was your plea? (Check one)

   ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

   ☑ (2) Guilty      ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

| Guilty Plea | Nolle Prossed |
| --- | --- |
| Terroristic Threats - Count 1 | Strangulation |
| REAP - Counts 5 & 6 | Simple Assault (2 counts) |
| | Harassment (3 counts) |
| | Flight to avoid Apprehension |

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.  Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9.  If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised:

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: **Venango County Court of Common Pleas**

(2) Docket or case number (if you know): **CR No. 545 - 2018**

(3) Date of filing (if you know): **12/23/19**

(4) Nature of the proceeding: **PCRA**

(5) Grounds raised:

**1.) Ineffective Assistance of Counsel**

**2.) Unlawfully Induced Plea of Guilty**

**See Attached Exhibit "I"**

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes    ☐ No

(7) Result: **Relief Denied**

AO 241 (Rev. 09/17)

(8) Date of result (if you know): **3/2/21**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Venango County Court of Common Pleas

(2) Docket or case number (if you know): CR No. 545 - 2018

(3) Date of filing (if you know): 2/7/22

(4) Nature of the proceeding: Motion to Enforce Plea Agreement

(5) Grounds raised: Enforcement of Plea Bargain pursuant to Contract Law for Specific Performance.

- negotiated contracted plea agreement

- detriment of reliance

- reasonable understanding

- Fundamental fairness

- due process

- promissory estoppel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Denied

(8) Date of result (if you know): 2/18/22

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☐ Yes     ☑ No

(2) Second petition:    ☑ Yes     ☐ No

(3) Third petition:     ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

See Attached; pg 6-1 (e)

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: U.S. Constitutional Violations - 5ᵗʰ ; 14ᵗʰ Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached; 6-1 through 6-5

(b) If you did not exhaust your state remedies on Ground One, explain why:

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

In the First Petition of PCRA in which this Petitioner's claims were centered around ineffective assistance of counsel and an unlawfully induced plea of guilty, it was explained when appealing to the Superior Court, by counsel, that the Petitioner would most likely be denied parole while on PCRA appeal. This was reiterated in a letter to counsel on April 6th, 2021, please refer to Exhibit "J".

Therefore on advice of counsel for the best course of action to be home with his family, the Petitioner had his counsel withdraw the Superior Court appeal. However, the claims and appeal in the First Petition have no legal basis or bearing on the Second Petition, and Present Writ, for the claims are based upon two separate aspects of law.

**GROUND ONE**: U.S. Constitutional Violations - 5th & 14th Amendments

(a) Supporting Facts: The facts of this case are as follows:

Charges were filed against Petitioner, hereinafter "Berry", on April 21st, 2018, in regards to an altercation that took place on April 19th, 2018, at his and previous girlfriends apartment. Upon notification to Berry by the Pennsylvania State Police that he was being investigated for numerous charges, Berry failed to report for a parole appointment and absconded from parole.

On June 26th, 2018, upon retention of an attorney, Berry turned himself into police and was arraigned on various misdemeanor offenses including: Count 1, Terroristic Threats 18 Pa C.S.A.§2706(a)(1); Count 2, Strangulation 18 Pa C.S.A.§2718(a)(1); Counts 3 & 4, Simple Assault 18 Pa C.S.A.§2701(a)(1); Counts 5 & 6, Recklessly Endangering Another Person 18 Pa C.S.A.§2705; Count 7, Flight to Avoid Apprehension 18 Pa C.S.A.§5126(a); Counts 8, 9 & 10, Harassment 18 Pa C.S.A.§2709(a)(1).

Berry remained incarcerated until his Preliminary Hearing held on July 25th, 2018, in which he was represented by Attorney Thomas Will. After sequestered interviews of the three alleged

victims in the case, Jillian Stephens-Nick, Lacey Westover, and
Amanda Carbaugh, the charges were bound over for further
proceedings and Berry, along with trial counsel, stated they would
be proceeding to a jury trial. Berry was given unsecured bond and
released to the custody of the Pennsylvania Board of Probation and
Parole, hereinafter "PBPP", returned to the State Correctional
Institution - Mercer, to serve 5 months, 12 days unexpired time
pursuant to Act 122 of 2012 for his failure to report as
instructed.

On December 3rd, 2018, when Berry's sentence completed, he
was released back to the custody of Venango County to await trial.
During Berry's time at SCI-Mercer, his counsel came for an
attorney-client, in-person visitation to discuss an offered plea.
Although Berry had already decided to go to trial, counsel was
obligated to inform him of any potential plea offer. The offer
made by ADA Brenda Servidio was for Count 1, 5 & 6; a Concurrent
Sentence; non-revocation of county parole sentence; consecutive
probation; and non-prosecution of Berry's mother, Rebecca Berry,
in a separate case, CR No. 377-2018.

After careful consideration, Berry chose to accept the
plea offer, thus entering into a contractual plea agreement for
specific performance. A Guilty Plea Hearing (Plea Colloquy) was
conducted on December 17th, 2018, in which a Plea Agreement Form
was completed by ADA Servidio, Exhibit "A", listing the three
charges and Recommendation to sentence as: Standard Range with
Counts 5 & 6 Concurrent. Special recommended conditions:
Commonwealth will not revoke defendants parole at CR# 302-2014,
Probation consecutive to this case at revocation CR# 809-2009.
Furthermore, there was an unconsummated agreement for non-
prosecution of Berry's Mother. This plea was reiterated in part on
the record by the ADA, Exhibit "B". Conspicuously when Berry
attempted to bring up the details upon his mother's non-
prosecution it was deemed an "Off record conversation between the
Defendant and Ms. Servidio", Exhibit "C". The Judge then once
again states in part the plea on the record, Exhibit "D". Now, as
the word consecutive is never utilized in reference to the
sentence for Counts 1, 5 & 6, the reasonable understanding by

Berry and his counsel is for a concurrent sentence, Exhibit "E".
As the Plea Agreement Form also states, and the judge on record
states, the Court (Judge) is not bound by the terms of the Plea
Agreement unless and until the Court (Judge) decides to accept the
Agreement, Exhibits "A" & "F". The Judge does in fact accept the
plea agreement, Exhibit "G", making this a binding contract for
specific performance.

Berry had now gave up his rights under the 5th Amendment
by deciding to plead guilty and stipulate to facts of his guilt in
exchange for specific performance on the plea agreement and
promises made by the ADA.

Sentencing took place on January 4th, 2019, in which Berry
received a concurrent sentence on counts 5 & 6 but consecutive to
count 1, eighteen (18) to eighty-four (84) months incarceration.
Berry accepted this sentence without fully understanding how the
trial court was able to change the agreement. Trial Counsel did
not advise Berry at the time to withdraw his plea, even though the
Commonwealth and trial judge had violated a contractual plea
agreement.

The Commonwealth and trial judge had now additionally
violated Berry's 14th Amendment rights to due process of law by
their blatant violation of the contracted plea agreement for
specific performance.

After sentencing, and no longer counseled, Berry filed a
pro-se Motion to Withdraw Guilty Plea in regards to the
manipulated plea agreement in which he was sentenced
consecutively, and knowledge that the charges had not been dropped
against his mother. This motion was timely filed on January 11th,
2019. However, on January 24th, 2019, ADA Servidio filed a 'Motion
to Continue Sentencing' in Berry's mother's case stating, "
Related case, Travis Berry is scheduled for withdrawal of guilty
plea in CRII on 03/07/19 at 2:30pm. This case cannot proceed to
sentence until Com. v. Travis Berry CR# 545-2018 is disposed of."
(Exhibit "H"). After speaking with mother's counsel, Attorney
Michael Moser, who advised that Berry withdraw his motion, lest
the Commonwealth bring back the felonies in his mother's case.
Although the deal with the ADA was for non-prosecution, the ADA

was pleading Berry's mother out on a single misdemeanor charge.

Upon receiving this advise from his mother's counsel, and considering once again the devastating affect that a felony would play on his mother's livelihood as a Licensed Practical Nurse, Berry withdrew his motion on January 30th, 2019.

On December 23rd, 2019, Berry filed a timely, pro-se, PCRA pursuant to the Post Conviction Relief Act 42 Pa C.S.A.§9541 - 9546 et.al, claiming Ineffective Assistance of Counsel and Unlawfully Induced Plea of Guilty, elaborating on an attachment (Exhibit "I"). On January 8th, 2020, the trial court appointed counsel, Attorney Matthew C. Parson, in which he represented Berry at the PCRA Hearing on March 2nd, 2021 (significant delays had arose due to the global COVID-19 pandemic). During the hearing facts were presented by both parties, including emails between ADA Servidio and Attorney Moser, Berry's Mother's Counsel, that proved the direct link of the two cases and the unconsummated agreement made by the ADA to Berry. Yet, the trial court chose to deny relief, refusing to see and ambiguity in the plea agreement stating it, "is clear on its face."

A timely Notice of Appeal was filed by Berry's counsel on March 19th, 2021. However, as Berry was getting ready for his first parole hearing upon service of his minimum sentence, having a small daughter and fiance waiting for him to come home, PCRA counsel advised him that he would likely be denied parole due to his current appeal. Counsel explained to Berry that it is regular practice by the PBPP to deny parole to an offender who is still on appeal for the sentence they are currently serving. With all this weighted, and on advice of counsel, Berry chose to withdraw his appeal (Exhibit "J"). So on April 29th, 2021, counsel filed to withdraw the appeal from the Superior Court.

After parole denial, on February 7th, 2022, Berry filed a pro-se 'Motion to Enforce Plea Agreement' with a Memorandum of Law in Support. This filing was a detailed motion in regards to specific performance under contract law standards, but the trial court refused to even hear the motion and on February 18th, 2022, in two sentences, denied the motion.

Berry immediately followed with a Notice of Appeal on

February 25th, 2022, and on March 3rd, 2022, the trial court issued an Order requesting a 1925(b) Concise Statement of Matters Complained Of. So, on March 7th, 2022, Berry complied by filing his 1925(b) Statement asking two questions. Question One: Did the lower court err when it denied Appellant's Motion to Enforce Plea Agreement? And, Question Two: Does Appellant's plea agreement need enforced so he can get the full benefit of his plea bargain?

The trial court issued their 1925(a) Opinion on June 30th, 2022, along with copies of the reproduced record as Berry was proceeding in forma pauperis. The trial courts only argument against Berry's recent motion was to claim collateral estoppel, completely ignoring any claims of contract violation for specific performance.

Berry filed his Appellant Brief in the Superior Court on July, 12th, 2022, and the Appellee, Comonwealth of Pennsylvania, followed with a Reply Brief on October 11th, 2022. Berry received a letter from the prothonotary of the Superior Court on October, 25th, 2022, stating that this case was listed for submission of briefs. However, at that time Berry wasn't even aware that the Commonwealth had submitted their reply brief. Berry filed a Motion to Compel on October 31st, 2022, in order to force the appellee to properly serve him a copy of the reply brief as to not hinder any further litigation. This was granted by the Superior Court on November 17th, 2022, and the appellee was ordered to serve a copy of the reply breif upon the appellant.

After several unacceptable correspondence attempts to the facility where Berry is incarcerated, Berry filed an Addendum to Brief on December 17th, 2022, addressing the collateral estoppel claims by the Commonwealth.

On March 23rd, 2023, the Superior Court issued their ruling, ultimately denying any relief. Their sole reason being that his argument is waived based upon rulings in their own court, completely ignoring the precedence set forth by the Supreme Court and failing to recognize contract law standards and enforcement for specific performance.

Berry filed a Petition for Allowance of Appeal to the Supreme Court on April, 12th, 2023. The Supreme Court denied his petition on September 12th, 2023.

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_No direct appeal filed._

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion to Enforce Plea Agreement_

Name and location of the court where the motion or petition was filed: _Venango County Court of Common Pleas, 1168 Liberty St. Franklin, PA 16323_

Docket or case number (if you know): _CR No. 545-2018_

Date of the court's decision: _2/18/22_

Result (attach a copy of the court's opinion or order, if available): _____

_Denied. Order Attached._

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Superior Court of Pennsylvania 310 Grant. St. Pittsburgh, PA 15219_

Docket or case number (if you know): _280 WDA 2022_

Date of the court's decision: _3/23/23_

Result (attach a copy of the court's opinion or order, if available): _Relief Denied; Order Affirmed. Order Attached._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Petition for Allowance of Appeal_

_Supreme Court of Pennsylvania_                    _No. 83 WAL 2023_

_414 Grant St. Pittsburgh, PA 15219_            _Denied: 9/12/23_

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did **not** raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                      ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                 ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

_____

_____

_____

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No.

_____

_____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea:   Thomas H. Will Esq.
One Gateway Center, Suite 700
(c) At trial:    N/A    4200 Duquesne Blvd
Pittsburgh, PA 15222

(d) At sentencing: _____

(e) On appeal:    N/A _____

(f) In any post-conviction proceeding:  PCRA  Matthew C. Parson, Esq.
1243 Liberty St. - Suite 305    Franklin, PA 16323
(g) On appeal from any ruling against you in a post-conviction proceeding: _____
Pro - Se

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____
(c) Give the length of the other sentence: _____
(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
See Attached, pg 14 - 1

_____

_____

_____

_____

18. TIMELINESS OF PETITION:

Petitioner's Motion to Enforce Plea Agreement is not an attempt to attack his judgement of sentence. Moreover, Berry's Motion to Enforce Plea Agreement is not cognizable under PCRA, 42 Pa.C.S.A.§9543(a)(2), listing claims cognizable under PCRA. Commonwealth v. Lloyd, 193 A.2d 647; Commonwealth v. Pelkofer, 108 A.3d 121.

Berry turns this Courts attention to Commonwealth v. Partee, 86 A.3d 245 HOLDING: It was error for trial court to treat Appellant's Motion to Enforce Plea Agreement is NOT subject to PCRA's time constraints.

This Court should review Commonwealth v. Johnson, 200 A.3d 964, which cited Commonwealth v. Partee, 86 A.3d 245, and Partee HELD: That such claims fall outside the PCRA as their theory of relief is prdicated upon an attack that does not pertain to the criminal itself. We explained that a Motion Seeking Enforcement of Plea Bargain is NOT an attack on Appellant's sentence, nor is he alleging that he is innocent of the offenses of which he was convicted...In short, we agree with Appellant that his claim does not fall within the scope of the PCRA and should NOT be reviewed under the standard applicable to the dismissal of the PCRA petitions. Thus Partee concluded that such Petitions were not subject to PCRA time bar.

"On the other hand, a collateral petition to enforce plea agreement is regularly treated outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." Commonwealth v. Semidey 251 A.3d 1269 (Pa. Super.)

Additionally, Berry exercised due diligence at every aspect of his litigations, continuing to research and learn to the best of his ability. "Due diligence demands that the petitioner take reasonable steps to protect his own interests." Commonwealth v. Carr, 768 A.2d 1164, 1168 (Pa.Super.2001).

In Commonwealth v. Burton, 121 A.3d at 1071 the Superior Court majority concluded that "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief."

AO 241 (Rev. 09/17)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Page 15 of 16

AO 241 (Rev. 09/17)

(2)      The time during which a properly filed application for State post-conviction or other collateral review with
         respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
         under this subsection.

Therefore, petitioner asks that the Court grant the following relief: 1.) Vacate Sentence
2.) Time Served    3.) Release from Incarceration    4.) Remand for
Correction.

or any other relief to which petitioner may be entitled.

_____ N/A _____
                    Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on ___11/20/23___ (month, date, year).

Executed (signed) on ___11/20/23___ (date).

_____
                 Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____